UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAGVIR S.,[1]

              Petitioner,

     v.

TONYA ANDREWS, et al.,

              Respondents.

No.  1:26-cv-00095-JLT-SKO (HC)

**FINDINGS AND RECOMMENDATION TO GRANT PETITION**

**[10-DAY DEADLINE]**

Petitioner Jagvir S. is a former immigration detainee proceeding with a petition for writ of habeas corpus.

Petitioner filed the instant habeas petition on January 7, 2026. (Doc. 1.) He also filed a motion for temporary restraining order, which was denied as untimely and converted to a motion for preliminary injunction. (Doc. 2, 4.) The matter was referred to the undersigned for further proceedings.

On January 22, 2026, Petitioner, through different counsel, filed a second case seeking the same relief. See Singh v. Albarran, Case No. 1:26-CV-00581-TLN-AC ("Singh II"). Petitioner

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

filed a motion for temporary restraining order in that case as well. (Singh II, Doc. 1.) On January 23, 2026, the Court in Singh II granted the motion for temporary restraining order, ordered Petitioner's immediate release, and enjoined Respondents from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing. (Singh II, Doc. 4.)

On January 28, 2026, Petitioner filed a motion to consolidate cases. (Singh II, Doc. 9.) On February 23, 2026, the Court granted Petitioner's motion to consolidate cases, designated the instant case as the lead case. (Doc. 13.)

Meanwhile in this case, on January 26, 2026, the Court acknowledged it had addressed the claims presented in the petition in numerous previous orders and issued an order directing Respondents to show cause whether there were any factual or legal issues in this case that render it distinguishable from the Court's prior orders in J.S.H.M. v. Wofford, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); Ortiz Donis v. Chestnut, No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); M.R.R. v. Chestnut, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025). On January 29, 2026, Respondents filed their response. (Doc. 9.) Respondents advised that this case presented a material factual difference in that Petitioner was already granted the requested relief and released from custody. (Doc. 9 at 1.) Therefore, Respondents contend Petitioner's motion for temporary restraining order should be denied since relief was already granted.  However, the motion for temporary restraining order was already terminated in this case and was no longer at issue. (Doc. 4.) With respect to the converted motion for preliminary injunction, the Court will advance consideration of the merits of the petition in the interest of judicial economy.

As to the arguments presented in the petition, Respondents advised that they "do not have additional legal arguments to distinguish this case from previous orders issued by the Court or additional material factual differences between this case and those identified by the Court in the Order to Show Cause." (Doc. 9 at 2.)

As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in

2

J.S.H.M. v. Wofford, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); Ortiz Donis v. Chestnut, No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); M.R.R. v. Chestnut, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025), the Court will recommend the petition for writ of habeas corpus be GRANTED for the reasons stated in those prior orders.

**RECOMMENDATION**

Accordingly, the Court hereby RECOMMENDS that the petition be granted, and Respondents be permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing. The converted motion for preliminary hearing should be dismissed as moot.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of

/////

/////

3

Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:    **March 9, 2026**                     /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE