UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAGVIR S., | No. 1:26-cv-00095 JLT SKO (HC) |
| Petitioner, | A-Number: 243-106-286 |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 14) |
| TONYA ANDREWS, et al., | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, REQUIRING PETITIONER'S IMMEDIAE RELEASE FRM CUSTODY, PERMANENTLY ENJOINING RESPONDENTS FROM RE-DETAINING PETITIONER, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| Respondents. | |

Jagvir S. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Prior to consolidation, the Court granted Petitioner's motion for injunctive relief and ordered his immediate release in *Singh v. Albarran*, Case No. 1:26-CV-00581-TLN-AC (*Singh II*). On February 23, 2026, *Singh II* was consolidated with the above-captioned matter, which was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 9, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant the petition. (Doc. 14.) The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 10 days. (Doc. 14.) On March 18,

1

2026, Respondents filed objections. (Doc. 15.) Petitioner did not file objections or a statement of non-opposition.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, including the objections[1], the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

Based upon the foregoing, the Court **ORDERS**:

1.      The Findings and Recommendations issued on March 9, 2026, (Doc. 14), are **ADOPTED** in full.

2.      The petition for writ of habeas corpus is **GRANTED**. Respondents **SHALL** release Petitioner **IMMEDIATELY**.

3.      Respondents are **ENJOINED** from re-detaining Petitioner unless his re-detention is ordered at a custody hearing before a neutral arbiter where the government bears the burden of proving, by clear and convincing evidence, that Petitioner presents a flight risk or danger to the community.[2] This Order does not preclude Respondents from taking Petitioner into custody pursuant to the authority and procedures of 8 U.S.C. § 1231, if and when a final order of removal is issued and becomes administratively final.

4.      The Clerk of Court is directed to enter judgment and close the case.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **March 20, 2026**

UNITED STATES DISTRICT JUDGE

---

[1] Respondents object in part that the Court-ordered release of petitioner as a form of preliminary injunctive relief moots the case. Not so, because that relief was only temporary. *See Nielsen v Preap*, 586 U.S. 392 (2019); *Carballo v. Semaia*, No. 5:25-CV-03176-SPG-AJR, 2026 WL 381608, at *4 (C.D. Cal. Feb. 10, 2026).

[2] If legally sufficient circumstances justify detention without notice in advance, a post-deprivation hearing **SHALL** be provided within seven days of the arrest.

2